# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Originally Filed: March 3, 2025
Reissued for Public Availability: April 21, 2025

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JUNIOUS NIELSEN, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 24-0753V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal Decision; Failure to Prosecute; |
| AND HUMAN SERVICES, | * | Insufficient Proof. |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Junious Neilsen, pro se, Dallas, TX, for Petitioner.
Heather Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

### I.   INTRODUCTION

On May 13, 2024, Junious Nielsen ("Petitioner") filed a petition ("Complaint"),[2] pro se, for compensation in the National Vaccine Injury Program, 42 U.S.C. §§ 300aa-1 to 34 (2018). In the petition, Petitioner alleges he suffered migraines, shoulder injury, rashes, fatigue, and blood in his stool as a result of "HPV" vaccinations administered on September 23, 2022[3] and October 17, 2023. Petition at 1 (ECF No. 1). However, in the attached cover sheet, the dates of

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on March 3, 2025, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the Court's website.

[2] Petitioner identified his initial filings and amended filings as "Complaints." Since he alleged a vaccine injury, these filings were identified as Petitions when filed into the docket, consistent with The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

[3] The handwriting is difficult to read. The year of the date of this vaccination is not clear. It appears to be either 2022 or 2023.

1

vaccination are listed as October 17, 2022 and September 23, 2023.[4]  Cover Sheet at 1 (ECF No. 1-1).  On May 30, 2024, Petitioner filed an amended petition alleging that he suffered migraines, shoulder injury, rashes, fatigue, and blood in his stool as a result of influenza ("flu") vaccines.  Amended ("Am.") Petition at 1 (ECF No. 9).  In this amended petition, the dates of vaccination are not specifically identified; instead, Petitioner notes that the dates of vaccination were listed in the "original Complaint."  Id. at 2.

Based on the reasons set forth below and in the Show Cause Order dated December 10, 2024, and for failure to comply with the Show Cause Order, the undersigned **DISMISSES** this case for failure to prosecute and insufficient proof.

Moreover, the undersigned finds that Petitioner has failed to prove by preponderant evidence that the vaccinations allegedly administered to him caused any injury.  See Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1280 (Fed. Cir. 2005).  Thus, the undersigned finds Petitioner is not entitled to compensation.

## II.     BACKGROUND

### A.     Procedural History[5]

As described above, Petitioner filed his petition on May 13, 2024, followed by medical records and an amended petition.  Petition; ECF Nos. 7-8, 10, 14;[6] Am. Petition.  Petitioner filed a status report in August 2024.  Petitioner's Status Report, filed August 29, 2024 (ECF No. 23) ("Pet. Aug. Status Rept.").

This case was reassigned to the undersigned on October 9, 2024.  Notice of Reassignment dated Oct. 9, 2024 (ECF No. 16).  A status conference was held on October 9, 2024.  Order dated Oct. 9, 2024 (ECF No. 17).  During the status conference, Petitioner indicated that to the best of his knowledge, all medical records had been filed.  Id. at 2.  Given that, Respondent was directed to file a responsive pleading within 60 days.  Id.

On December 8, 2024, Respondent filed his Rule 4(c) Report, stating "this case is not appropriate for compensation under the terms of the Vaccine Act" and recommended the case be dismissed.  Respondent's Report ("Resp. Rept.") at 2 (ECF No. 20).  Upon review of Petitioner's petition, medical records, and Respondent's Rule 4(c) Report, the undersigned found deficiencies in Petitioner's claim and issued an Order to Show Cause on December 10, 2024.  Order to Show Cause dated Dec. 10, 2024 (ECF No. 21).  Petitioner was directed to submit any medical records or other evidence showing why his petition should not be dismissed by no later than Friday, January 24, 2025.  Id. at 2.  Petitioner was instructed that a failure to file any evidence in

---

[4] These dates of vaccination are also supported by the medical records filed by Petitioner.

[5] On the same date that he filed this petition, Petitioner also filed a separate petition, Case No. 24-0759V, alleging injury from HPV vaccinations.

[6] The undersigned will use ECF numbers to reference Petitioner's records.

response to the Show Cause Order by Friday, January 24, 2025 would be interpreted as an inability to provide supporting documents for his claim and the petition would be dismissed.  Id.

Petitioner has not filed any additional documents in compliance with the Order to Show Cause.

This matter is ripe for adjudication.

### B. Factual History

#### 1. Medical Records

Because Petitioner alleges he suffered migraines, shoulder injury, rashes, fatigue, and blood in his stool as a result of flu vaccinations in 2022 and 2023, the undersigned largely focuses on those conditions.[7]  Additionally, although proof of other vaccinations were provided by Petitioner, the undersigned only mentions and discusses the flu vaccines alleged in the Petition.

On June 11, 2020, Petitioner presented to Jasdeep Bajwa, D.O., for a "follow-up visit regarding concern for cancer screening in additional to a chronic onset of snoring, non-refreshfull [sic] sleep and difficulty concentrating throughout the day."  ECF No. 14 at 1-2.  He reported he was snoring often and waking up "feeling tired and not refreshed."  Id. at 1.  With regard to his issues related to concentration, Dr. Bajwa wrote "20 pound weight gain and generalized fatigue could be a symptom of possible anemia or hypothyroidism" and ordered bloodwork.  Id.  Dr. Bajwa also ordered a sleep study to rule out obstructive sleep apnea.  Id.

Petitioner provided seven pages[8] of VA Medication History and VA Problem List.  ECF No. 10.  This list included medication ibuprofen 400 mg "as needed for pain/inflammation" that was filled once in January 2021 before expiring and acetaminophen 500 mg "as needed for pain" that was filled once in November 2020 and once in January 2021 before expiring.  Id. at 4-5.  The source of Petitioner's pain was not indicated.  See id.

On July 6, 2021, Petitioner presented to Jennifer Maguire, M.D., for a neurology referral for his headaches/migraines.  ECF No. 14 at 4.  Petitioner reported a throbbing sensation in the frontal and temporal sides of his head.  Id.  He described it as "someone [] getting a vice grip and squeezing his head."  Id.  His headaches occurred four times per week, lasting approximately 30 minutes.  Id.  He reported difficulty focusing, occasional blurry vision, some nausea and vomiting a few times with the headaches, phonophobia, and photophobia, and he found sitting and water helpful.  Id.  Assessment was tension headache.  Id. at 5. Dr. Maguire opined Petitioner "has some features that are consistent with a tension headache and some other features

---

[7] Allegations related to the HPV vaccines and the undersigned's rulings relevant to those vaccines are set forth in Case No. 24-0759V.

[8] These are pages 20, 21, 22, 25, and 26 out of 425 pages.  Petitioner also filed pages 374 and 375, which is a list of vaccines received by Petitioner.  The remaining 418 pages were not filed.

that may be more suggestive of a migraine headache." Id. Petitioner was started on low-dose amitriptyline at night and instructed to follow up. Id.

Petitioner received a flu vaccination in his left deltoid on October 17, 2022. ECF No. 7 at 1; ECF No. 10 at 1.

Petitioner's problem list with the VA included migraine as of January 20, 2023. ECF No. 10 at 6. Acetaminophen 65 mg "as needed for headache" was ordered and filled in January 2023. Id. at 4. No other records were provided to support this diagnosis or prescription.

On July 25, 2023, Petitioner saw Alissa Correll, M.D. ECF No. 7 at 2. Petitioner reported left flank/side pain that would worsen when lying down on it and with flexion and better with stretching. Id. Petitioner did not report or complain of migraines, shoulder injury, rashes, fatigue, or blood in his stool at this visit. See id. He was noted to have severe hepatic steatosis. Id. On physical examination, Petitioner exhibited tenderness in lumbar back, with no pain with flexion/extension. Id. at 3-4. Physical examination was otherwise unremarkable. Id. Petitioner "request[ed] to update all shots." Id. at 2. Petitioner did not receive a flu vaccine at this visit. See id. at 2-4.

On September 23, 2023, Petitioner received a flu vaccination in his left deltoid. ECF No. 7 at 5.

Petitioner provided a list of "current health issues," printed from his medical provider's online portal in May 2024. ECF No. 8 at 1-2. Migraines, shoulder injury, rashes, fatigue, and blood in his stool are not listed. See id. Petitioner also provided a list of medications prescribed in 2023, including ibuprofen 600 mg prescribed in December 2023 "as needed for [p]ain." Id. at 3. The location of the pain was not indicated. See id.

No additional medical records have been provided.

### 2.     Petitioner's August 2024 Status Report

Petitioner filed one status report dated August 21, 2024. Pet. Aug. Status Rept. at 1. Petitioner's August 2024 status report stated he attached medical records to his status report; however, none were included in his mailing. Id.

## III.   DISCUSSION

### A.    Alleged Injuries

Petitioner alleges he suffered migraines, shoulder injury, rashes, fatigue, and blood in his stool as a result of his flu vaccinations in October 2022 and September 2023. Petition at 1; Am. Petition at 1. The undersigned will address each of these in turn.

Federal Circuit precedent establishes that it is appropriate to first determine the nature of an injury in certain cases. Broekelschen v. Sec'y of Health & Hum. Servs., 618 F.3d 1339, 1346

4

(Fed. Cir. 2010). A petitioner must provide preponderant evidence that an injury occurred in order to prevail for said injury.

### 1.  Shoulder Injury, Rashes, and Blood in Stool

Here, the medical records do not provide preponderant evidence that Petitioner suffered a shoulder injury, rashes, or blood in his stool as a result of a vaccination.

First, the medical records do not document Petitioner ever received a diagnosis of a shoulder injury, rashes, or blood in his stool. Nor do Petitioner's medical records document complaints of a shoulder injury, rashes, or blood in his stool.

Under the Vaccine Act, Petitioner cannot establish entitlement to compensation based solely on his assertions; rather, a vaccine claim must be supported either by medical records or by the opinion of a medical doctor. § 13(a)(1). There is no evidence other than Petitioner's assertions in his petition and amended petition that he suffered a shoulder injury, rashes, or blood in his stool.

Furthermore, to be entitled to compensation, Petitioner must show he

> (i) suffered the residual effects or complications of such illness, disability, injury, or condition for more than [six] months after the administration of the vaccine, or (ii) died from the administration of the vaccine, or (iii) suffered such illness, disability, injury, or condition from the vaccine which resulted in inpatient hospitalization and surgical intervention.

§ 11(c)(1)(D).

Here, the medical records do not support a finding that Petitioner has "suffered the residual effects" of a shoulder injury, rashes, or blood in his stool "for more than 6[six] months after the administration of the vaccine." § 11(c)(1)(D)(i). No medical record documented any complaints or findings relating a shoulder injury, rashes, or blood in his stool.

The medical records also do not support a finding that Petitioner "suffered such illness, disability, injury, or condition from the vaccine which resulted in inpatient hospitalization and surgical intervention." § 11(c)(1)(D)(iii). No hospitalization or surgical records were provided.

Overall, there is no evidence in Petitioner's medical records establishing that he was diagnosed with a shoulder injury, rashes, or blood in his stool, or that he suffered the residual effects of said alleged injuries for more than six months, or that said injuries resulted in an inpatient hospitalization and surgical intervention. Thus, the undersigned finds that Petitioner has failed to provide preponderant evidence of a cognizable injury and has failed to meet the severity requirement under the Vaccine Act. And any claim arising from these vaccines and injuries must be dismissed.

### 2. Migraines

With regard to Petitioner's alleged injury of migraines, the medical records show Petitioner complained of migraines/headaches in July 2021, prior to receiving the alleged vaccinations. Then, in January 2023, three months after Petitioner's October 2022 flu vaccination and nine months before his September 2023 flu vaccination,[9] migraines were added to Petitioner's VA "problem list;" however, no medical records from a medical doctor treating or diagnosing Petitioner with migraines were filed.

Similar to Petitioner's alleged injuries of shoulder injury, rashes, and blood in his stool, there is no medical record evidence showing Petitioner suffered from headaches/migraines "for more than [six] months after the administration of the vaccine." § 11(c)(1)(D)(i).

Nor is there medical record evidence to support Petitioner "suffered [migraines] from the vaccine which resulted in inpatient hospitalization and surgical intervention." § 11(c)(1)(D)(iii). Again, no hospitalization or surgical records were provided.

Therefore, the undersigned finds that Petitioner has failed to provide preponderant evidence to meet the severity requirement under the Vaccine Act. Any claim arising from these vaccines and injury must be dismissed.

### 3. Fatigue

Similarly, Petitioner's medical records document complaints of fatigue in June 2020, more than two years prior to his October 2022 flu vaccination and more than three years prior to his September 2023 flu vaccination.[10] However, he did not receive a diagnosis of fatigue nor were there any objective findings consistent with fatigue. No other medical records mention or discuss fatigue.

The undersigned finds the medical records do not support a finding that Petitioner suffered from fatigue. Petitioner cannot establish entitlement to compensation based solely on his assertions. § 13(a)(1).

Nor do the medical records support a finding that Petitioner suffered from fatigue "for more than [six] months after the administration of the vaccine" or that fatigue "resulted in inpatient hospitalization and surgical intervention." § 11(c)(1)(D)(i), § 11(c)(1)(D)(iii). Therefore, Petitioner has failed to provide preponderant evidence to meet the severity requirement under the Vaccine Act. Any claim arising from these vaccines and injury must be dismissed.

---

[9] Even if Petitioner alleged the flu vaccines significantly aggravated his migraines, Petitioner still would not prevail. The statute defines "significant aggravation" as "any change for the worse in a pre-existing condition which results in markedly greater disability, pain, or illness accompanied by substantial deterioration in health." § 33(4). Petitioner has not established by preponderant evidence "any change for the worse."

[10] See supra note 9.

### 4. Any Other Condition or Injury

Petitioner has not provided evidence that he suffered any injury as a result of his October 2022 and/or September 2023 flu vaccinations that satisfy the severity requirement in the Vaccine Act. Petitioner did not file any medical records after his vaccinations other than an unrelated visit to Dr. Correll in July 2023 that relates to left flank pain. Petitioner averred that all medical records were provided and filed. See Order dated Oct. 9, 2024, at 2.

### B. Failure to Prosecute

When a petitioner fails to comply with court orders to prosecute his case, the court may dismiss the case. Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests).

Vaccine Program cases that have been dismissed for failure to respond to an Order to Show Cause include but are not limited to: Byrd v. Sec'y of Health & Hum. Servs., 778 F. App'x 924 (Fed. Cir. 2019); Ghasemipor v. Sec'y of Health & Hum. Servs., No. 20-17V, 2020 WL 7497878 (Fed. Cl. Spec. Mstr. Nov. 23, 2020); Flores v. Sec'y of Health & Hum. Servs., No. 20-157V, 2020 WL 5798502 (Fed. Cl. Spec. Mstr. Sept. 2, 2020); Button ex rel. W.S.B. v. Sec'y of Health & Hum. Servs., No. 16-1391V, 2017 WL 2876099 (Fed. Cl. Spec. Mstr. June 5, 2017); Duncan v. Sec'y of Health & Hum. Servs., No. 16-1367V, 2020 WL 6738118 (Fed. Cl. Spec. Mstr. Oct. 19, 2020), mot. for rev. denied, 153 Fed. Cl. 642 (2021).

Here, Petitioner has failed to comply with the Court's Order to show cause, directing Petitioner to medical records or other evidence showing why his petition should not be dismissed. Thus, the undersigned dismisses Petitioner's case for failure to prosecute.

### IV. CONCLUSION

Accordingly, this case is **DISMISSED** for insufficient evidence and for failure to prosecute. In the absence of a timely filed motion for review pursuant to Vaccine Rule 23, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master
